**No. 56176.**—Dib Brothers *v.* United States, protest 171856–K (New York).

FORD, Judge:   The suit listed above was filed by the plaintiff seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties upon an importation of merchandise exported from Italy and entered at the port of New York.   The merchandise was classified as "hand embroidered flax articles in part of machine-made lace," and duty was levied thereon at the rate of 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930.   The protest makes no specific claim for a lower rate of duty.   However, in the interest of clarifying the situation, the following is quoted from the protest:

The articles received in this shipment are embroidered Table Linens mounted with Machine made cotton French Laces.   Neither of the two elements that make up this merchandise pays 90% duty.   For the duty on the embroidered linens is 70% and on the machine made French Laces is 40%.

In this entry the lace articles were figured on the basis of one of its constitents [*sic*] that payed the higher rate, namely 70%.   We expected it to pass at that, instead on liquidation the rate was raised to 90%, which the usual rate applied to similar articles when they imported with hand made laces, that pay 90%.

At the trial the plaintiff stated his position as follows:

\* \* \* but in this case, the laces being made by machine, we figured that the rate and duty on the laces was 40 per cent, while on the linen 70 per cent so we took in the same rate—we took the higher rate and we paid 70 per cent, but the appraiser came back on us and said, no, we should pay 90 per cent, the rate of laces—the rate of hand-made laces, so we objected.   We said, if we take the rate of lace, it is 40 per cent.   If we paid 70 per cent, the Government should be content.   We paid the higher rate on one of the items and that is the whole thing.

According to the record, the involved merchandise consists of some bridge sets, four covers and four napkins, and some oblong sets, consisting of a runner and eight mats.   It is conceded that these items were in part of machine-made lace.

An examination of the various trade agreements under which the involved merchandise might find classification discloses that in some of said agreements the rate of duty on machine-made laces has been reduced below that of 90 per centum contained in paragraph 1529 of the Tariff Act of 1930.   However, it also appears that in none of said agreements has there been any reduction on articles in part of machine-made laces.   Why the negotiators of said trade agreements should see fit to reduce the rate of duty on machine-made laces and not reduce the rate of duty on articles in part of machine-made laces, is a question not before us in this case.

There having been no reduction in the rate of duty imposed upon articles in part of machine-made laces in any of the trade agreements under which the involved merchandise might find classification, and it being conceded that the merchandise in question consists of articles in part of machine-made laces, we have no other course than to overrule all claims of the plaintiff.   Judgment will therefore be rendered overruling all claims of the plaintiff herein.